```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

James K. Baker,                 :

       Plaintiff,           :

  v.                            :       Case No. 2:06-cv-0607

Brenda Baker, et al.,           :       JUDGE SARGUS

       Defendants.          :

OPINION AND REPORT AND RECOMMENDATION

On July 19, 2006, James K. Baker, a plaintiff proceeding pro se, filed a complaint and application to proceed in forma pauperis. This matter is before the Court for an initial screening pursuant to 28 U.S.C. §1915.  For the following reasons, this Court recommends that defendants Brenda Baker, Ray Dennis, Sandra Harr, and Ruth Ann Spatar be dismissed from the case because the claims asserted against them are frivolous and fail to state a claim upon which relief can be granted.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings in forma pauperis, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...."  The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See, Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios,

claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 4l, 45-46 (l957).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

Mr. Baker alleges the following facts in his complaint (reproduced verbatim without all capital letters):

> 1, Brenda Baker, is my sister + knows I'm dying, + will not work with any agency to get me legal at my trailer I own the trailer but she owns the family land which I put into quiestion.
>
> 2, Ray Dennis, he helped turn every possible way I found to fix the problem.
>
> 3, Wendy Hanna, she is the sanation person at the health dept, she wont allow me to buy any permits.
>
> 4, Sandra Harr, Health Dept Board Member she should have set my case out, since she tried to kill my parents while she was a township trustee, but not plowing the road or put a road sign up so the squads could find the road
>
> 4, Ruth Ann Spatar, she just sat there stamping her name plate at me when I told the board I was prepared to file in federal court.
>
> There people act like they are gods but at the sametime the State of Ohio has lots of outhouses set up at there parks here in the Hocking Hills.

> Im asking the court to step in and freeze the property that she owns on Little Pine Rd + Wynkoop Rd + the eviction, money suit + restraining order be blocked until its all settled in the federal court.
>
> They use threats, intimadation, violated medical privicy laws eviction is from intimadation on Brenda Baker, I'm begging this Court to stop it + take jurisdiction.

(Complaint at pp. 1-2.)

After reviewing the complaint, this Court concludes that Mr. Baker fails to state a claim against Ms. Baker. Specifically, it appears from the allegations in the complaint that Ms. Baker, Mr. Baker's sister, was not acting under the color of law and cannot be sued under 42 U.S.C. §1983. See 42 U.S.C. §1983; see also American Manufacturers Mutual Ins. Co. v. Sullivan, 523 U.S. 40, 49-50 (1999)(citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982))(internal citations omitted)("Like the state action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful"). Accordingly, it appears beyond doubt that Mr. Baker can prove no set of facts in support of his claim against Ms. Baker.

This Court reaches a similar disposition to the claims asserted against Mr. Dennis, Ms. Harr and Mr. Spatar. In reviewing the complaint, it appears that Mr. Baker's claims against these defendants are vague and lack an arguable or rational basis in law or fact. The allegations asserted against Mr. Dennis, Ms. Harr and Mr. Spatar do not amount to a constitutional violation and are frivolous.

However, this Court concludes that Mr. Baker does assert a claim against Ms. Hanna. Based on the allegations in the complaint, Ms. Hanna, an employee at the Department of Health in Logan, Ohio, denied Mr. Baker building permits when Mr. Baker

requested them.  Without any other information detailing whether only land owners or their agents may be granted building permits, this allegation, though vague, is enough, construing the complaint liberally in Mr. Baker's favor, to assert a Fourteenth Amendment violation under §1983.

## II.

This Court RECOMMENDS that the complaint be DISMISSED as frivolous and failing to state a claim against Ms. Baker, Mr. Dennis, Ms. Harr and Mr. Spatar.  However, as to Ms. Hanna, the Court GRANTS the application for leave to proceed in forma pauperis, and the Clerk is ordered to serve a summons and a copy of the complaint on Ms. Hanna.

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operate as a waiver of the right to appeal the decision of the District Court adopting the Report and

Recommendation.  See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 f.2d 947 (6th Cir.1981).


                                        <u>/s/ Terence P. Kemp          </u>
                                        United States Magistrate Judge

5